# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 25, 2015

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

152430

In re:

The Honorable R. DARRYL MAZUR,            SC: 152430
Judge, 12th District Court                RFI No.: 2015-21540
Jackson, MI

BEFORE THE JUDICIAL TENURE COMMISSION

_____/

The Judicial Tenure Commission has issued a Decision and Recommendation, to which the respondent, Honorable R. Darryl Mazur, 12th District Court Judge, consents. It is accompanied by a settlement agreement, in which the respondent waived his rights and consented to a sanction of a public censure and 30-day suspension without pay.

In resolving this matter, we are mindful of the standards set forth in *In re Brown*, 461 Mich 1293 (2000):

Everything else being equal:

(1) misconduct that is part of a pattern or practice is more serious than an isolated instance of misconduct;

(2) misconduct on the bench is usually more serious than the same misconduct off the bench;

(3) misconduct that is prejudicial to the actual administration of justice is more serious than misconduct that is prejudicial only to the appearance of propriety;

(4) misconduct that does not implicate the actual administration of justice, or its appearance of impropriety, is less serious than misconduct that does;

(5) misconduct that occurs spontaneously is less serious than misconduct that is premeditated or deliberated;

(6) misconduct that undermines the ability of the justice system to discover the truth of what occurred in a legal controversy, or to reach the most just result in such a case, is more serious than misconduct that merely delays such discovery;

(7) misconduct that involves the unequal application of justice on the basis of such considerations as race, color, ethnic background, gender, or religion are more serious than breaches of justice that do not disparage the integrity of the system on the basis of a class of citizenship.

In the present case, those standards are being applied in the context of the following stipulated findings of fact and conclusions of law of the Judicial Tenure Commission, which, following our de novo review, we adopt as our own:

### A. PEOPLE v [***][1]

1.      The case of *People v* [***], Jackson District Court Case No. [***] was assigned to Respondent.

2.      [The defendant] was charged with domestic violence (MCL 750.81[2]), and she was arraigned on June 9, 2014.  On August 7, 2014, [the defendant] pled guilty.  With the prosecutor's consent, pursuant to MCL 769.4a, [the defendant] was placed on probation for 12 months, and she was assessed fines and costs.

3.      In December of 2014, after seeing [the defendant] in the hallway of the courthouse, Respondent received a Christmas card from her, wishing him a [M]erry Christmas and thanking him for being "an extremely firm yet fair judge."

4.      Respondent wrote back to [the defendant], on court stationery, indicating that he was also pleased to have run into her in the hall at the courthouse.  In that same handwritten note, he said,

> "You continue to sound well.  No need to thank me.  Well, maybe you can.

> "I am not sure of your marital status.  But if you are not, would you be interested in seeing me?  Being on probation is a complication.  I am interested if you are."

5.      Respondent and [the defendant] continued to e-mail each other through the month of January 2015.

### B. PEOPLE v JORDEN GRIFFIN

---

[1] The name of the individual is redacted pursuant to MCL 769.4a.

6.     The case of *People v Jorden Griffin*, Jackson District Court Case No. 14-1326 SM was assigned to Respondent's colleague, Judge Klaeren.

7.     Ms. Griffin was a former neighbor of Respondent's, and Respondent remained friends with her father, Paul Griffin.

8.     Mr. Griffin called Respondent to tell him that his daughter Jorden had been arrested by the Jackson Police Department.

9.     Respondent advised Mr. Griffin about pre-trial procedures, that the city attorney would likely negotiate a plea agreement, and that he, Respondent, would speak to the assigned judge about the case.

10.     Respondent did, in fact, contact Judge Klaeren and discussed the matter with him.  He also told Judge Klaeren that he (Respondent) wanted to discuss the matter further with him (Klaeren) and the city attorney.

11.     Respondent also sent Judge Klaeren an e-mail asking him to "PR [release on a personal recognizance bond] her [Defendant, Jorden Griffin] and set a pre-trial and then direct her down to see [Respondent.]"

12.     Judge Klaeren was disturbed by all of this and discussed his discomfort with Respondent.

13.     Respondent is extremely remorseful over these matters, he has co-operated [sic] throughout the investigation, and he is desirous of resolving this grievance.

We adopt the Commission's conclusion that these facts demonstrate that the respondent breached the standards of judicial conduct in the following ways:

The parties have stipulated, and this Commission agrees and separately finds as well that Respondent's conduct violates the Code of Judicial Conduct and the standards of discipline for judges.  The commission further finds that Respondent's conduct constitutes:

(a)     Misconduct in office, as defined by the Michigan Constitution of 1963, as amended, Article 6, Section 30 and MCR 9.205;

(b)     Conduct clearly prejudicial to the administration of justice, as defined by the Michigan Constitution of 1963, as amended, Article 6, Section 30, and MCR 9.205;

(c)     Failure to establish, maintain, enforce and personally observe high standards of conduct so that the integrity and independence of the judiciary may be preserved, contrary to the Code of Judicial Conduct, Canon 1;

(d)     Irresponsible or improper conduct which erodes public confidence in the judiciary, in violation of the Code of Judicial Conduct, Canon 2A;

(e)     Conduct involving impropriety and the appearance of impropriety, in violation of the Code of Judicial Conduct, Canon 2A;

(f)     Failure to respect and observe the law and to conduct himself at all times in a manner which would enhance the public's confidence in the integrity and impartiality of the judiciary, contrary to the Code of Judicial Conduct, Canon 2B;

(g)     Engage[ment] in *ex parte* communications with a party and with a judge, contrary to Canon 3(A)(4);

(h)     Conduct which exposes the legal profession or the courts to obloquy, contempt, censure, or reproach, in violation of MCR 9.104(2);

(i)     Lack of personal responsibility for his own behavior and for the proper conduct and administration of the court in which he presides, contrary to MCR 9.205(A); and

(j)     Conduct that violates the standards or rules of professional responsibility adopted by the Supreme Court, contrary to MCR 9.104(4).

After review of the Judicial Tenure Commission's recommendation, the settlement agreement, the standards set forth in *Brown*, and the above findings and conclusions, we ORDER that the Honorable R. Darryl Mazur be publicly censured and suspended without pay for 30 days, effective 21 days from the date of this order. This order further stands as our public censure.

We further ORDER that the Judicial Tenure Commission remove the name of the individual in the first matter addressed above from any public record it maintains or controls. MCL 769.4a.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 25, 2015



Clerk

a1118